**UNITED STATES of America, Appellee**

v.

**Kenneth A. DIGGS, Appellant.**

No. 03–3111.

United States Court of Appeals,
District of Columbia Circuit.

May 16, 2005.

Roy Wallace McLeese, III, John Robert Fisher, Assistant U.S. Attorneys, U.S. Attorney's Office, Washington, DC, for Appellee.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, A.J. Kramer, Federal Public Defender, Lisa Burget Wright, Assistant Federal Public Defender, Washington, DC, for Appellant.

Before EDWARDS, HENDERSON, and TATEL, Circuit Judges.

### JUDGMENT

PER CURIAM

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the order of the district court be affirmed.

Kenneth Diggs appeals from the District Court's denial of his motion attacking his sentence pursuant to 28 U.S.C. § 2255. Diggs argues that his 1995 conviction under 21 U.S.C. §§ 841(a)(1) and 860(a) was tainted by the Government's knowing use of perjured testimony at his trial, requiring the conviction to be set aside under *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Specifically, Diggs claims that the Government's narcotics expert, Johnny St. Valentine Brown, committed perjury with respect to his employment status by stating that he was at the time "employed by the Metropolitan Police Department" ("MPD"), having been "rehired" three days after his retirement. In fact, Diggs contends, Brown had not been "rehired" by MPD in any official capacity, but rather was serving only as an unpaid consultant.

We conclude that this case is controlled by *United States v. Gale,* 314 F.3d 1 (D.C.Cir.2003). An examination of Brown's testimony in its full context reveals that, to the extent that Brown misstated his employment status, his misstatements were corrected by his subsequent testimony. Brown initially testified that he was "rehired" by MPD and was "back in the same posture" as a "Detective Grade One, assigned to the Narcotics and Special Investigations Division," the job that he held prior to his retirement. On further questioning by the prosecutor, however, Brown clarified that he had been retained only as a "narcotics consultant," not as a "Detective Grade One." Diggs does not contend, and could not in light of *Gale,* that Brown testified falsely by claiming he was a "narcotics consultant." Accordingly, we think that Brown's initial use of the terms "rehired" and "employed," though misstatements in light of his status as an unpaid consultant, did not rise to the level of perjury, because he clarified that ·

he had been "rehired" only as a "consultant." Moreover, as in *Gale,* we do not think there is "any 'reasonable probability' that any gap between Brown's statements and perfect truth on [this matter] could have affected the judgment of the jury." 314 F.3d at 4.

Diggs alternatively contends that he is entitled to discovery to determine whether Brown made other false statements at his trial. Rule 6(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that requests for discovery in such proceedings specifically detail the interrogatories and requests for admission proposed and the documents sought. The advisory committee notes explain that the purpose of this requirement is "to advise the [district] judge of the necessity for discovery and enable him to make certain that the inquiry is relevant and appropriately narrow." In this case, Diggs never submitted the specific requests required by Rule 6(b). Accordingly, we find that Diggs did not adequately present his discovery requests to the District Court or preserve them for appellate review.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.